10-2890-ag
Fang v. Holder

BIA
Bukszpan, IJ
A094 787 115

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand eleven.

PRESENT:
 DENNIS JACOBS,
  *Chief Judge,*
 JON O. NEWMAN,
 DEBRA ANN LIVINGSTON,
  *Circuit Judges.*

_____

SHENG WANG FANG,
  *Petitioner,*

 v.                                        10-2890-ag
                                           NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:    Cora J. Chang, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sheng Wang Fang, a native and citizen of the People's Republic of China, seeks review of a June 30, 2010, order of the BIA affirming the January 7, 2008, decision of Immigration Judge ("IJ") Joanna M. Bukszpan, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sheng Wang Fang* No. A094 787 115 (B.I.A. June 30, 2010), *aff'g* No. A094 787 115 (Immig. Ct. N.Y. City Jan. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably determined that Fang's altercation with family planning officials, in which he was

2

pushed, and the fact that the officials later prevented him from entering the hospital to see his wife were insufficient to constitute past persecution. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (holding that "the difference between harassment and persecution is necessarily one of degree, [which] must be assessed with regard to the *context* in which the mistreatment occurs" (internal citation and quotation marks omitted)); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (stating that harm must be sufficiently severe and rise above "mere harassment" to constitute persecution). The agency also reasonably determined that threats by the family planning officials, related to him by his mother, did not constitute past persecution, *see Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (per curiam) (noting that "[t]his Court, and others, previously have rejected . . . claims [that] 'unfulfilled' threats" constitute persecution), nor does the record compel the conclusion that Fang's presence during his wife's abortion constituted such persecution. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007) ("We do not deny that an individual whose spouse undergoes, or is threatened with, a forced abortion or involuntary sterilization may suffer a profound emotional

3

loss as a partner and a potential parent. But such a loss does not change the requirement that we must follow the 'ordinary meaning' of the language chosen by Congress, according to which an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else."). Moreover, Fang failed to identify any evidence supporting his claim of psychological harm. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141-42 (2d Cir. 2007) (requiring a showing of "continuing hardship" for claims based on persecution of family members).

The agency also reasonably determined that Fang did not establish a well-founded fear of future persecution because he testified that neither he nor his wife have received any additional threats, and that his wife, who remains in China unharmed, has an IUD and is in compliance with China's family planning regulations, Certified Admin. R. at 27. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (finding that absent "solid support in the record" for a petitioner's fear that he would be persecuted under the family planning policy, his fear was "speculative at best"); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's

4

mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

As Fang was unable to establish his eligibility for asylum, he was necessarily unable to establish his eligibility for withholding of removal and CAT relief on the same factual bases. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5